OPINION
The instant appeal has been taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Randall S. Wheeler, seeks the reversal of the trial court's determination that Ohio's "sexual offender" laws, R.C. Chapter 2950, are valid and can be enforced against him.
In May 1999, appellant entered a plea of "guilty" to two counts of rape and three counts of gross sexual imposition. Upon accepting this plea, the trial court sentenced appellant to two concurrent terms of ten to twenty-five years on the rape counts. As to two of the gross sexual imposition counts, which were felonies of the third degree, the court imposed two consecutive terms of two years. In regard to the remaining count of gross sexual imposition, which was a felony of the fourth degree, the court imposed a definite term of one year. Finally, in addition to ordering that the terms on the three counts of gross sexual imposition would run consecutively, the court also ordered that those three terms would run consecutively to the terms on the two rape counts.
Prior to the imposition of his sentence, appellant had moved the trial court not to apply the sexual offender laws to him. As the grounds for this motion, appellant had argued that R.C. Chapter 2950 was unconstitutional for a number of different reasons. After the state had responded, the trial court had rendered a judgment overruling this motion.
Accordingly, when the trial court subsequently issued its sentencing judgment, it also made a specific finding as to appellant's status under the sexual offender laws. That is, the court found that appellant was a sexual predator because he had been convicted of a sexually oriented offense and was likely to engage in such behavior in the future.
In now appealing from the trial court's sentencing judgment, appellant has raised five assignments of error for our review. Under each of these assignments, appellant's arguments focus solely upon the constitutionality of R.C. Chapter 2950. Specifically, he asserts that the sexual offender laws are invalid because: (1) they violate his rights to equal protection and due process; (2) they are impermissibly vague; (3) they violate his right to privacy and other civil liberties; (4) they violate the prohibition against ex post facto laws; and (5) they impose a punitive sanction which constitutes a cruel and unusual punishment.
As to appellant's first argument, this court would note that the Supreme Court of Ohio recently considered the issue of whether R.C. Chapter 2950 violated an offender's equal protection right because it did not apply to sexual offenders who had completed their prison term prior to the effective date of the entire statutory scheme. In State v. Williams (2000), 88 Ohio St.3d 513, the court began its analysis by concluding that the basic requirements of the sexual offender laws did not affect a suspect class of persons and did not affect any fundamental constitutional rights of an offender; accordingly, a violation of equal protection could be shown only if the statutory scheme did not bear any rational relationship to a legitimate state interest. In the second part of its analysis, the court held that such a relationship existed in this instance because the legislature's decision to limit the application of the statutory scheme could have been based upon the fact that it would have been fiscally and administratively impossible to locate offenders who had already been released.
Although the equal protection analysis in Williams focused solely upon the specific argument raised by the parties in that case, a review of a prior Supreme Court decision concerning R.C. Chapter 2950 readily indicates that the court believes that the entire statutory scheme serves a legitimate governmental interest:
 "This language reveals that the General Assembly's purpose behind R.C. 2950 is to promote public safety and to bolster the public's confidence in Ohio's criminal and mental health systems. The statute is absolutely devoid of any language indicating an intent to punish. * * * Promulgating laws to guard society's health and safety is among those legitimate police powers inherent in government. * * * Thus, R.C. Chapter 2950, on its face, clearly is not punitive because it seeks to `protect the safety and general welfare of the people of this state,' which is a `paramount governmental interest.' R.C. 2950.02
(B) and (A)(2).
"* * *
 "As we have discussed, R.C. Chapter 2950 serves the purpose of protecting the general public from released sex offenders. In general, protection of the public is a paramount governmental function enforced through the police power. * * * The fact that released sex offenders have a high rate of recidivism demands that steps be taken to protect members of the public against those likely to reoffend. This is the role of R.C. Chapter 2950. Registration allows local law enforcement to collect and maintain a bank of information on offenders. This enables law enforcement to monitor offenders, thereby lowering recidivism. Notification provisions allow dissemination of relevant information to the public for its protection." State v. Cook (1998), 83 Ohio St.3d 404, 417-421 (Citations omitted).
 Even though the foregoing statements were made in the context of an ex post facto analysis, they readily show that the Supreme Court is convinced that the sexual offender laws were designed to serve a legitimate goal of state government. As this is sufficient to satisfy the rational relationship standard, it follows that R.C. Chapter 2950 does not violate a sexual offender's equal protection right.
The foregoing discussion also applies to appellant's due process argument. As a general proposition, a statute satisfies the requirements of substantive due process when it is rationally related to a legitimate legislative purpose. See State v. Cremans
(Oct. 29, 1999), Lake App. No. 97-L-215, unreported, at 14-15, 1999 Ohio App. LEXIS 5096. Given that the protection of the health and safety of the public is obviously a legitimate legislative goal, the sexual offender laws do not violate the constitutional right to due process.
In relation to appellant's second and third arguments, this court would note that the Williams decision is directly controlling. In addition to its equal protection analysis, theWilliams court expressly stated that R.C. Chapter 2950 was not impermissibly vague because the statutes provided sufficient guidelines by which a trial court could decide whether the state had established by clear and convincing evidence that the defendant is a sexual predator. Furthermore, the Williams court held that the sexual offender laws did not improperly impinge upon an offender's natural law rights of privacy, the ability to pursue an occupation, the enjoyment of a favorable reputation, and the acquisition of property.
In regard to appellant's ex post facto argument, we would indicate that the Supreme Court rejected this specific argument inCook. That is, the Cook court concluded that the retroactive application of the sex offender laws to conduct occurring prior to their effective date did not violate the Ex Post Facto Clause of the Federal Constitution and the Retroactivity Clause of the Ohio Constitution.
Finally, as to appellant's "cruel and unusual punishment" argument, our review of Williams and Cook indicates that the Supreme Court has never addressed this specific argument. However, as part of its analysis in Cook, the court stated that the imposition of the registration, verification, and notification requirements of R.C. Chapter 2950 did not have a "punitive" effect upon a sexual offender, but were only remedial in nature. In light of this characterization, it has been held that the prohibition against cruel and unusual punishment does not have any application to the sexual offender laws. See State v. Ihle (May 5, 2000), Auglaize App. No. 2-2000-05, unreported. Thus, appellant's fifth argument also fails to state a viable challenge to the constitutionality of the sexual offender laws.
Pursuant to the foregoing analysis, each of appellant's five assignments of error is without merit. Accordingly, the judgment of the trial court is affirmed.
 ____________________________ WILLIAM M. O'NEILL, Judge
FORD, P.J., CHRISTLEY, J., concur.